# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WINSTON BARNES,** )<br>*Administrator of the Estate of* )<br>*Gwendolyn Barnes Jenkins,* )<br>*deceased*, )<br> )<br>         Plaintiff, )<br> )<br>    vs. )<br> )<br>**GENERAL MOTORS, LLC, et** )<br>**al.,** )<br> )<br>         Defendants. ) | Civil Action Number<br>**2:14-cv-00719-AKK** |

## MEMORANDUM OPINION

Plaintiff Winston Barnes ("Barnes") seeks to remand this matter to the Circuit Court of Jefferson County, Alabama, doc. 29, while Defendants Crawford Group, Inc. ("Crawford Group"), Enterprise Holdings, Enterprise Leasing Company-South Central, LLC ("Enterprise Leasing"), and Edwards Chevrolet Co, Inc. ("Edwards Chevrolet"), seek to dismiss the complaint, docs. 11, 12, 13, and 14. For the reasons stated below, the court grants Barnes' Motion to Remand.[1]

## I. STANDARD OF REVIEW

---

[1] As a result, the court lacks jurisdiction to address the defendants' motions to dismiss, docs. 11, 12, 13, and 14, and will moot the motions.

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Moreover, courts are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Charon-Bolero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005); *Allapattah Servs., Inc. v. Exxon Corp.*, 362 F.3d 739, 753 (11th Cir. 2004). "[F]ederal courts are directed to construe removal statutes strictly. . . . [A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). In removal actions, the removing party bears the burden of establishing jurisdiction. *Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

## II.  FACTUAL BACKGROUND

On April 12, 2012, Gwendolyn Barnes Jenkins was driving a 2008 Chevrolet Impala on Jug Factory Road in Tuscaloosa County, Alabama, when another vehicle struck the Impala on the rear driver's side as Jenkins attempted to cross U.S. Highway 82. Doc. 1-1 at 12–13. Barnes, who is the administrator of Jenkins' estate, contends that because defendant General Motors, LLC removed or "deleted" side-impact air bags, which were standard safety equipment on 2008 model Impalas, from Jenkins' Impala, pursuant to a cost-saving agreement with

one or more of the defendants, "Jenkins suffered enhanced injuries in the collision that she would not otherwise have suffered." *Id*. at 13. Those injuries resulted in Jenkins' paralysis and, ultimately, her death. *Id*.

On March 7, 2014, Barnes filed suit against the defendants in the Circuit Court of Jefferson County, Alabama, alleging claims based on various products liability theories as well as negligence and wantonness. Doc. 1-1 at 9, 14–20. On April 18, 2014, defendants Crawford Group, Enterprise Leasing, and Enterprise Holdings filed their Notice of Removal on diversity grounds under 28 U.S.C. §§ 1332, 1441, and 1446.  Doc. 1 at 1. Defendant General Motors subsequently joined them in removal. Doc. 2 at 1. To get around the fact that defendants Serra Chevrolet, Inc. and Edwards Chevrolet are citizens of Alabama, the removing defendants[2] contend that Barnes fraudulently joined these defendants to defeat federal jurisdiction.  *Id*. at 5–12.

### III.  ANALYSIS

Since Barnes does not contest the $75,000 jurisdictional amount under 28 U.S.C. § 1332, the only issue to resolve is whether complete diversity exists.  *See*

---

[2] Serra Chevrolet and Edwards Chevrolet have not indicated to the court that they consent to removal. The removing defendants contend that this failure does not dictate remand pursuant to this circuit's well-established requirement that all co-defendants consent to removal because Serra Chevrolet and Edwards Chevrolet are fraudulently joined and consequently their consent to removal is not required. Doc. 32 at 16.

*Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (noting the complete diversity requirement). This resolution hinges on whether the removing defendants can show that Barnes fraudulently joined Serra Chevrolet and Edwards Chevrolet.

### A. Fraudulent Joinder

"When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Id.* "However, if a defendant shows that there is no possibility the plaintiff can establish [any of the alleged] cause[s] of action against the resident defendant, then the plaintiff is said to have fraudulently joined the non-diverse defendant."[3] *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (quotation marks and citation omitted). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs*, 154 F.3d at 1287. "In that situation, the federal court must dismiss the non-diverse defendant and deny any

---

[3] Fraudulent joinder may also exist "where there is outright fraud in the plaintiff's pleading of jurisdictional facts and . . . where there is no joint, several, or alternative liability between a diverse defendant and the non-diverse defendant, and the plaintiff's claims against the non-diverse defendant otherwise bear no real connection to the claims asserted against the diverse defendant," *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998), but the removing defendants do not contend either here.

motion to remand the matter back to state court." *Florence*, 484 F.3d at 1297.

"When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court *must* find that joinder was proper and remand the case to state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (emphasis added). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Finally, the burden on the removing party to prove fraudulent joinder is a "heavy one." *See Crowe*, 113 F.3d at 1538. "The defendant must make such a showing by clear and convincing evidence," *Henderson*, 454 F.3d at 1281, and "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor," *Pacheco*, 139 F.3d

at 1380.

### B.  Potential Liability of Serra Chevrolet and Edwards Chevrolet

Alabama law defines a "product liability action" as:

any action brought by a natural person for personal injury, death, or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, or labeling of a manufactured product when such action is based upon (1) negligence, (2) innocent or negligent misrepresentation, (3) the manufacturer's liability doctrine, (4) the Alabama extended manufacturer's liability doctrine as it exists or is hereafter construed or modified, (5) breach of any implied warranty, or (6) breach of any oral express warranty and no other.

Ala. Code § 6-5-521(a). A 2011 amendment to the Alabama Code, referred to as the "Innocent Seller" statute, *see* doc. 1 at 7, significantly limits a consumer's ability to bring such actions against distributors:

> No product liability action may be asserted or may be provided a claim for relief against any distributor, wholesaler, dealer, retailer, or seller of a product, or against an individual or business entity using a product in the production or delivery of its products or services (collectively referred to as the distributor) unless any of the following apply:
> (1) The distributor is also the manufacturer or assembler of the final product and such act is causally related to the product's defective condition.
> (2) The distributor exercised substantial control over the design, testing, manufacture, packaging, or labeling of the product and such act is causally related to the product's condition.
> (3) The distributor altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought.
> (4) It is the intent of this subsection to protect distributors who are merely conduits of a product. This subsection is not intended to protect

>distributors from independent acts unrelated to the product design or manufacture, such as independent acts of negligence, wantonness, warranty violations, or fraud.

Ala. Code § 6-5-521(b).

At issue here is whether Serra Chevrolet and Edwards Chevrolet qualify as innocent sellers, which determines whether Barnes can pursue claims of negligence and wantonness against these two defendants. In a nutshell, Barnes contends that Serra Chevrolet and Edwards Chevrolet are liable because they knowingly sold Jenkins a 2008 Impala that contained no side-impact air bags, which were a standard feature of 2008 Impalas, failed to warn Jenkins that the Impala she purchased contained no side-impact air bags, and either failed to or inadequately inspected the Impala. *See* doc. 1-1 at 17–20. The removing defendants repeatedly argue that Serra Chevrolet and Edwards Chevrolet were the "mere[] conduits" of a product, and that "[Barnes] alleges Edwards [Chevrolet] and Serra [Chevrolet] are liable simply because they decided to sell the subject Impala." Doc. 32 at 4. Consequently, the removing defendants argue, Serra Chevrolet and Edwards Chevrolet are shielded from liability by Ala. Code § 6-5-521(b) as purportedly innocent sellers. The removing defendants, however, mischaracterize Barnes' argument. Barnes contends that his "claim against Defendants Serra [Chevrolet] and Edwards [Chevrolet] is based on their decision

to sell a product they know is unreasonably dangerous and on their failure to warn consumers as to the dangers of driving a vehicle without side air[]bags." Doc. 30 at 8–9. Put differently, Barnes is not arguing merely that, as the removing defendants claim, "Edwards [Chevrolet] and Serra [Chevrolet] are liable simply because they decided to sell the subject Impala," doc. 32, he is arguing that Edwards Chevrolet and Serra Chevrolet are liable because they decided to sell the Impala, *which they knew to be a dangerous product and failed to warn Jenkins of that danger*. Consequently, Barnes argues, Edwards Chevrolet and Serra Chevrolet's liability hinges on one of the "independent acts unrelated to the product design or manufacture, such as independent acts of negligence, wantonness, warranty violations, or fraud" that are not immunized by § 6-5-521(b).

In reviewing the parties' respective contentions regarding the Innocent Seller statute, the court notes initially that the removing defendants attached two affidavits to their notice of removal attesting that Edwards Chevrolet and Serra Chevrolet had no role in the selection of the equipment features of the vehicles shipped to their dealerships. Docs. 1-2 at 3; 1-3 at 2. While a court determining whether a plaintiff has fraudulently joined a defendant may consider affidavits submitted by the parties to the extent that they bear on determining whether the

8

plaintiff's claim is arguable under state law, *Crowe*, 113 F.3d at 1538, these affidavits do nothing to undermine the gravamen of Barnes' allegation. Ultimately, even if the removing defendants are correct that Edwards Chevrolet and Serra Chevrolet did not *choose* for General Motors to ship a vehicle lacking side-impact air bags to their dealerships, Edwards Chevrolet and Serra Chevrolet still well may have *known* the Impala lacked side-impact air bags. In other words, this contention is not dispositive on the issue of whether Edwards Chevrolet and Serra Chevrolet qualify as innocent sellers.

    As previously stated, the Alabama legislature implemented the Innocent Seller Statute in 2011. *See* Ala. Act 2011–627. In the intervening three years, Alabama courts have failed to expound upon what "independent acts of negligence [or] wantonness" fall outside the protection afforded by § 6-5-521(b). The Middle District, however, passed judgment on a set of facts that are virtually identical to those presently before the court. In *Lazenby v. ExMark Manufacturing Co., Inc.*, the plaintiff was the representative of the estate of a Dr. William Lazenby, who died after a riding lawnmover rolled over on him while he was mowing his lawn. No. 3:12-CE-82-WKW [WO], 2012 WL 3231331, at *2 (M.D. Ala. Aug. 6, 2012). The plaintiff brought product liability claims, as well as claims for negligence and wantonness against the manufacturer and seller, contending that the riding

lawnmower was designed and sold without a rollover protection system, and that "such a system likely would have prevented the accident that killed Dr. Lazenby." *Id*. After removal, which was based on the defendants' contention that the distributor who sold the riding lawnmower to Dr. Lazenby was fraudulently joined because § 6-5-521(b) immunized it from products liability suits, and consequently that the distributor's Alabama citizenship did not defeat diversity jurisdiction, the plaintiff sought remand, arguing that § 6-5-521(b) "preserves causes of action based on wantonness against distributors for knowingly selling a product that is likely or probable to cause injury." *Id*. In granting the plaintiff's motion because her "interpretation of Ala. Code § 6-5-501 . . . [was] at least plausible," *id.*, the court observed:

> Plaintiff asserts a wantonness claim against PPE in her Complaint. The question is whether this claim plausibly rises to the level of an independent act unrelated to the product design or manufacture. Wantonness is the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. Plaintiff alleges that PPE made a deliberate decision to market and sell the Quest ZTR with the knowledge that it had no rollover protection system, and thus lacked an essential safety feature to protect ordinary homeowners and consumers.
> The basis of the wantonness claim is arguably related to the deficiencies in the product design in the way the statute contemplates. However, it is also arguable that it is independent conduct and not just derivative product liability. The decision to stock and sell a product that was known to be likely or probable to cause injury could constitute an

10

> independent act of wantonness that is separate from any act related to the design or manufacture of the product itself. That theory is that it is not the particular design flaw of the product that is the basis for the claim, but the decision of the defendant to sell a product (any product) it knows to be unreasonably dangerous.
>
> Whether Plaintiff's theory of wantonness is precluded because of its attenuated connection to the manufacture and design of the product is an unsettled question of Alabama law. Section § 6–5–501 was amended in 2011 to add the additional language barring products liability claims against distributors. Claims against distributors for independent wanton conduct were not precluded by this act. Considering the recent change in the law and the debatable nature of Plaintiff's wantonness claim, it would be inappropriate for the court to determine that there is no basis for Plaintiff maintaining an action against PPE. Plaintiff needs only to have a possibility of stating a valid cause of action in order for the joinder to be legitimate. Plaintiff has presented an unsettled question of law, which favors remanding this case for the Alabama state courts to interpret the law.

*Id*. at *3 (citations omitted) (internal quotation marks omitted).

To no surprise, the removing defendants ask this court not to reach a similar conclusion and attempt to discredit the court's conclusion in *Lazenby* by arguing that "[t]he 'decision to sell' theory advanced by [Barnes] here and apparently applied by the Court in *Lazenby* would render the Innocent Seller Statute a nullity because a seller could always be sued if it sold a product alleged to be defective." Doc. 32 at 12. This contention is unpersuasive because Barnes' theory does not apply to all sellers of products that allegedly prove to be defective, but only to sellers who purportedly deliberately sell dangerous products. *See* doc. 1-1 at 9 (contending that Edwards Chevrolet and Serra Chevrolet "purchased the subject

Impala with the knowledge that the standard side airbags had been removed or 'deleted,'" "sold the Impala into the public stream of commerce without the side airbags that were standard on the other 2008 Chevrolet Impalas," and "failed to warn or adequately warn . . . Jenkins that the side airbags had been removed or 'deleted' from the subject impala and/or that it did not have the standard side airbags found on other 2008 Chevrolet Impalas"). Additionally, the court observes that while § 6-5-521(b) is clearly meant to protect sellers who unknowingly sell products that later prove to be defective, *see Gardner v. Aloha Ins. Servs.*, No 2:11-CV-3450-RDP, 2013 WL 839884, at *7–8 (N.D. Ala. Mar. 4, 2013) (granting summary judgment because the plaintiff failed to claim that the defendant met any of the exceptions presented in § 6-5-521(b)(1)–(4)), it is plausible that the drafters of legislation entitled the Innocent Sellers Act did not intend for it to immunize sellers who deliberately choose to sell dangerous products to unwary consumers, *see Lazenby*, 2012 WL 3231331, at *3. Therefore, for the reasons set forth by the court in *Lazenby*, namely that the interpretation of § 6-5-521(b) adopted by Lazenby and Barnes is plausible, *see Triggs*, 154 F.3d at 1287 (explaining that a plaintiff "need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate") (emphasis added), and that the issue at hand hinges on resolving an unsettled question of state law, *see*

*Florence*, 484 F.3d at 1298–99 (stating that remand is appropriate where there is any ambiguity or doubt regarding the plaintiff's state law claim against a non-diverse defendant), the court finds that Barnes' motion to remand is due to be granted.[4]

## IV.  CONCLUSION

In light of the "heavy burden" on the removing defendants to demonstrate fraudulent joinder, *Crowe*, 113 F.3d at 1538, the court finds that the removing defendants failed to provide the clear and convincing evidence necessary to establish fraudulent joinder.  *See Henderson*, 454 F.3d at 1281.  Therefore, the court remands this action to the Circuit Court of Jefferson County, Alabama for lack of subject matter jurisdiction.  *See Florence*, 484 F.3d at 1298–99 ("We hold that, if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal

---

[4] Additionally, the court is not persuaded by the removing defendants' contention that it should reach the same conclusion as the court in *Sewell v. Smith & Wesson Holding Corp.* Unlike Barnes' allegation here that Serra Chevrolet and Edwards Chevrolet knowingly sold him a dangerous product, in *Sewell*, the plaintiff purchased a rifle that the manufacturer *subsequently* recalled. No. 4:12-cv-00364-KOB, 2012 WL 2046830, at *2 (N.D. Ala. June 1, 2012). As the *Sewell* court found, the plaintiff failed to state a claim for negligence because the plaintiff "proffered no Alabama law showing that . . . the seller [] had a *post-sale* duty to notify the plaintiff when the manufacturer recalled the rifle three days after the purchase." 2012 WL 2046830 at *2 (emphasis added). *Sewell* is simply not applicable to the present matter both because it is factually distinguishable, and because the *Sewell* court found that the plaintiff failed to allege that the defendant seller had committed a wrong "unrelated to the product's design or manufacture, as required by Ala. Code § 6-5-521(b)(4)". *Id*.

court *cannot* find that joinder of the resident defendant was fraudulent, and remand is *necessary*.") (emphasis added).

The court will enter a separate order consistent with this opinion.

Done this 1st day of July, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE